UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA ex rel., LAWRENCE COLEMAN, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 06 C 184<br>) |
| MARCUS HARDY, Warden | ) Judge Rebecca R. Pallmeyer<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Lawrence Coleman was convicted of first-degree murder in Cook County, Illinois in October 2000. This court denied Coleman's *pro se* petition for a writ of habeas corpus on July 1, 2009. Twenty-eight days later, Coleman filed a motion to reconsider, raising essentially the same arguments that he raised in his initial petition. Coleman subsequently also filed a second "supplemental motion to reconsider" on September 9, 2009, and a "motion to cite additional authority" on December 21, 2009, asserting that the court failed to adequately consider certain evidence and legal arguments in addressing his petition. For the reasons stated herein, all of Coleman's pending motions are denied. Coleman also filed a "motion for clarification," seeking the court's advice on how to proceed with his appeal. The court briefly addresses that request.

## BACKGROUND

Coleman sought habeas relief in this court, claiming that (1) his confession was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); (2) prosecutors in his case violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to inform him of an agreement with a witness; (3) his trial counsel was ineffective; (4) prosecutors in his case knowingly relied on perjured testimony; and (5) he was actually innocent of the crime for which he was convicted. Coleman also alleged that the prosecutors in his case paid witnesses for their testimony. The court discussed the underlying facts and legal issues at length in its denial of the petition, and it need not repeat itself here, except to

observe that Coleman's claims were either procedurally defaulted or lacked merit. *See U.S. ex. rel. Coleman v. Shaw*, No. 06 C 184, 2009 WL 1904370, *1-13 (N.D. Ill. July 1, 2009).

On July 29, 2009, Coleman filed a motion to reconsider, asking the court to review "a few vital points" that Coleman believes were overlooked in denying his habeas petition. (Pet.'s Mot. 1.) The motion reiterates the arguments made in Coleman's habeas petition, claim by claim, and requests relief from the court's denial of his habeas petition. (*Id.*) Coleman's subsequent supplemental motion does the same, asking the court to reconsider his actual innocence claim in light of an affidavit that was before the court when it denied the writ, but which Coleman claims the court failed to adequately consider. (Pet.'s Sup. Mot. 1-2.) Likewise, Coleman's "motion to cite additional authority" is actually a request that the court reconsider the merits of his *Brady* claim.

## **DISCUSSION**

**I.    Rule 60(b) Request for Relief**

At the time that Coleman filed his initial motion, FED. R. CIV. P. 59(e) required that a motion to alter or amend a judgment be filed no later that ten days after the entry of the judgment.[1] In this Circuit, a motion to alter or amend a judgment after the Rule 59(e) period has expired is automatically construed as a motion for relief under Rule 60(b). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741,724-43 (7th Cir. 2009) (citing *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Accordingly, the court considers Coleman's motions under FED. R. CIV. P. 60(b).

Rule 60(b) provides that, upon a motion and just terms, a court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

---

[1] Subsequent to Coleman's initial filing, FED. R. CIV. P. 59 was amended to extend the time period to 28 days. This change did not become effective until December 1, 2009. Coleman filed his motion to reconsider in August 2009.

time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier vacated judgment; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b). The standards of Rule 60(b) apply to a motion in a habeas case, so long as the motion is indeed a genuine Rule 60(b) motion that does not "assert, or reassert, claims of error in the movant's state conviction," but instead challenges only proceedings before the federal court, such as "the District Court's failure to reach the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).

Coleman does not allege new facts, mistake or fraud in his Motion to Reconsider. Instead, he contends primarily that the court failed to accord sufficient weight to the evidence he presented in support of his claims. As the court explains in the next section, to the extent Coleman is simply attempting to re-argue his rejected habeas claims, the court lacks jurisdiction to consider his motions. The court also briefly addresses Coleman's arguments on the merits.

**A.** *Miranda* **Claim**

Coleman first contends that the court failed to sufficiently consider three pieces of evidence that he maintains are sufficient to support his *Miranda* claim: (1) Coleman's testimony that he called his lawyer from his home on the morning of arrest, (2) Coleman's testimony that he requested to speak to his attorney during questioning, (3) the undisputed fact that Coleman's in-custody interrogation lasted more than16 hours. The court did, in fact, consider this evidence; each of these matters are addressed in the July 1 opinion. *Coleman,* 2009 WL 1904370 at *2. As the court explained in its denial of the habeas petition, however, the state court's decision on Coleman's *Miranda* claim was based on its own credibility determinations. *Id.* at *5. Simply put, the state court did not believe Coleman's testimony that he asked to speak to his attorney, and a federal court will not revisit the state court's factual determinations on habeas review. The court's decision did not rest on an insufficient consideration of the evidence.

3

### B. *Brady* Claim

Next, Coleman says the court erred by finding that he had procedurally defaulted his *Brady* claim. Coleman's *Brady* claim was based on an allegation that Alice Larue, a witness for the state in his case, made an undisclosed "deal" with prosecutors. (Pet. Mot. at 2.) In rejecting his petition, the court found that Coleman had offered little more than unsupported hearsay and conjecture as evidence for his allegations; the existence of any agreement between Larue and prosecutors was "speculative at best." *Coleman,* 2009 WL 1904370 at *5. The court also found that Coleman's claim was procedurally defaulted because he had failed to raise it before the state courts. Coleman's takes issue with this ruling, claiming that the evidence supporting his claim was not available until after he filed his habeas petition–but the "evidence" he refers to is the same speculation that this court previously rejected. Further, Coleman does not dispute that while he "could have presented these claims in the state court," he failed to do so. (Pet. Mot. at 5.) The court did not err, therefore, in finding this claim defaulted.

Coleman's *Brady* claim also failed on its merits. As the court explained, even if Coleman could prove that an agreement between Larue and prosecutors existed, such an agreement would not have resulted in a denial of Coleman's right to a fair trial, as Larue was "essentially corroborative and provided no direct evidence of [Coleman's] guilt." *Coleman,* 2009 WL 1904370 at *6. In his "Motion to Cite Additional Authority,"[2] Coleman claims that this is not the case, and that he "would have proceeded differently in his defense" had the alleged agreement been known to him. (Pet.'s Motion to Cite, at 2.) Though he fails to explain why and provides no evidence, Coleman asserts that he was compelled to testify in his own defense in order to respond to Larue

---

[2] The "Motion to Cite Additional Authority" is actually nothing of the kind. As explained in the next section, it is actually a second petition for habeas relief and is barred. In it, Petitioner seeks a release from state custody, or in the alternative, an evidentiary hearing. (Pet. Mot. to Cite, at 3.) This simply a poorly-disguised habeas petition, which the court lacks jurisdiction to addresss.

and challenge Larue's credibility. Larue testified in a jail jumpsuit, and admitted during testimony that she was currently incarcerated at the Cook County jail for a probation violation. *Coleman,* 2009 WL 1904370 at *6. She also admitted that when she gave her initial statement to prosecutors, she was aware of an outstanding warrant for her arrest for probation violations. *Id.* Finally, she testified that after giving her statement, an Assistant State's Attorney accompanied her to her probation hearing and she was released on bond. *Id.* Larue's credibility was obviously sufficiently at issue without Petitioner's testimony. What's more, Larue's testimony did not implicate Coleman as a guilty party, it merely corroborated aspects of Coleman's own confession and other witnesses' accounts of the crime. Coleman's claim that he was somehow compelled to testify is nonsensical. The court did not err in rejecting Coleman's *Brady* claim.

### C. Ineffective Assistance

The court has difficulty discerning Coleman's argument with regard to his ineffective assistance of counsel claims. In rejecting Coleman's claims, this court found that the state courts reasonably determined that Coleman's trial counsel was not deficient and that Coleman was not prejudiced by any purported deficiency. *Id.* at *8. The court also stated that Coleman had failed to adequately present certain aspects of the claims to the state courts for determination. *Id* at *10. Coleman contends this determination was in error, but his argument in support is incoherent. Coleman points out that, prior to the determination of his petition, he requested permission to file a supplemental petition. (Pet. Mot. at 6.) Then he states: "This Court granted the Motion on January 28, 2008, and now to deny Mr. Coleman [sic] claims is clearly a violation of Mr. Coleman [sic] Due Process and equal protection." (*Id.*) In January 2008, the court did enter an order permitting Coleman to submit supplementary materials, and considered those materials in the ruling. Coleman's suggestion that there was some due process or equal protection denial is unpersuasive.

### D. Use of Perjured Testimony

In denying Coleman's petition, the court rejected Coleman's claim that prosecutors knowingly presented perjured testimony at trial. The court first rejected the claim with respect to the grand jury testimony of Edward Flowers, who Coleman alleges perjured himself before the grand jury. Flowers did not ultimately testify at Coleman's trial, however, so Coleman's conviction was not "obtained through" use of Flowers's testimony. *Coleman,* 2009 WL 1904370 at *11 (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). As the Supreme Court explained in *United States v. Mechanik*, a subsequent conviction by the petit jury demonstrates the existence of probable cause and renders any error in the grand jury proceeding harmless beyond a reasonable doubt. 475 U.S. 66, 73 (1986). Coleman claims this decision was in error. He is incorrect.

Coleman raises further a perjury argument with regards to Larue's testimony that is materially indistinguishable from his *Brady* claim; that Larue had an undisclosed deal with the government and lied about it on the witness stand. For the reasons stated in Part B, Coleman's argument does not entitle him to relief from judgment.

### E.     Actual Innocence Claims

As the court noted in its denial of Coleman's petition: "Petitioner attached to his amended Petition an affidavit from [Edward] Flowers in which Flowers asserts that he made a deal with the police to lie before the grand jury in exchange for staying out of jail. The affidavit does not specify what false statements Flowers made to the grand jury." *Coleman,* 2009 WL 1904370 at *11. Flowers, a fellow member of Coleman's street gang, testified before the grand jury but he did not testify at Coleman's trial. In his supplemental motion to reconsider, Coleman contends that the court failed to adequately consider Flowers's affidavit when it rejected Coleman's actual innocence claim.

In rejecting Coleman's actual innocence claim, the court explained that the claim failed because Coleman could make no showing that his trial was affected by constitutional errors, as federal habeas review requires. *Id.* at *12 (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

Obviously the court was aware of Flowers's affidavit when it engaged in this analysis, since it referred to the affidavit elsewhere in its opinion. The court simply determined that neither Flowers's affidavit nor any of the other evidence Coleman offered was sufficient to establish that Coleman's trial was affected by constitutional violations.

### F. A "Lenient Eye"

Lastly, citing *Williams v. Kullman*, 722 F.2d 1048, 1050 (2nd Cir. 1983), Coleman asserts that the court committed legal error by failing to view his *pro se* petition with a sufficiently "lenient eye." The court acknowledges its duty to give a *pro se* complaint liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and did in fact give Coleman every consideration to which he was entitled. Coleman's claims simply did not entitle him to habeas relief, no matter how liberally they might have been construed. The arguments advanced in Coleman's motions do nothing to contradict that conclusion.

Coleman's arguments offer no basis for Rule 60(b) relief.

## II. Second or Successive Petitions

While Coleman's motions fail on their merits, there is another compelling reason to reject several of his arguments. The law that governs federal habeas relief for state prisoners, 28 U.S.C. § 2244(b)(3), forbids a prisoner from filing a second or successive petition for habeas relief without first seeking permission from the Court of Appeals. It does not matter how Coleman labeled his motions. "Prisoners cannot avoid the . . . rules [governing federal post-conviction remedies] by inventive captioning. . . . [T]he name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *Curry v. United States*, 507 F.3d 603, 604 (2007).

To the extent that Coleman's motions now ask the court to reconsider arguments that he has previously presented, the court must deny his requests. 28 U.S.C § 2244(b)(1)("A claim presented in a second or successive habeas application . . . that was presented in a prior

application *shall be dismissed*.")(emphasis added); *Gonzalez*, 545 U.S. at 531-34.  To the extent that Coleman presents new claims or arguments for habeas relief, his motions must also be denied because he lacks approval from the Court of Appeals to bring a successive application.  28 U.S.C. § 2244(b)(3); *See also Pole v. Randolph*, 570 F.3d 922, 938-39 (7th Cir. 2009)(arguments raised and developed for the first time on a motion to reconsider are generally deemed forfeited).

Those of Coleman's arguments "assert, or reassert, claims of error" in his state conviction are barred outright.  *Gonzalez*, 545 U.S. at 538.  The court lacks jurisdiction to consider those claims, and must deny his motions for this reason alone.  *Curry*, 507 F.3d at 604.

### III.     Coleman's Motion for Clarification

Coleman's motion for clarification seeks the court's guidance on how to proceed with an appeal.  The court treats this motion as a request for certificate of appealability from the district court.  For the reasons explained here and in the court's previous opinion, the court concludes that Coleman has not made a substantial showing that any of his constitutional rights were denied.  The court therefore denies his motion.

To the extent Coleman requires additional instruction, the court notes that pursuant to 28 U.S.C. § 2253(c)(1)(A), "unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." An order rejecting a Rule 60(b) motion, such as this one, is a final order in a habeas proceeding. *West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007).  Coleman's next step, then, is to request a certificate of appealability from the Court of Appeals.  Filing a notice of appeal acts as such a request whether or not the prisoner files a separate application,  FED. R. APP. P. 22(b)(2). However, a certificate of appealability may only issue when a prisoner has made a "substantial showing" that he has been denied a constitutional right,  28 U.S.C. § 2253(c)(2), and "a prisoner who relies on [exclusively] his notice of appeal is hard put to meet the statutory standard."  *West*, 485 F.3d at 395.

If Coleman wishes to appeal this ruling, he must file a notice of appeal, and he would be well-advised to file a separate application setting forth the grounds that he believes entitle him to a certificate of appealability.

## **CONCLUSION**

Coleman's motions [57, 58, 59, 60] are denied. Coleman's motion for a certificate of appealability is also denied. The case is dismissed.

ENTER:

Dated: February 1, 2010

_____
REBECCA R. PALLMEYER
United States District Judge